UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>      Plaintiff,<br><br>  v.<br><br>C. COOPER et al,<br><br>      Defendants. | 1:17-cv-00004-DAD-EPG<br><br>ORDER FINDING COGNIZABLE CLAIMS AND FOR PLAINTIFF TO:<br><br>(1)   NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIM AGAINST DEFENDANTS COOPER AND MORENO UNDER THE FOURTEENTH AMENDMENT;<br><br>(2)   FILE AN AMENDED COMPLAINT;<br><br>OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO RECOMMENDATIONS TO THE DISTRICT JUDGE<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

      Monico J. Quiroga, III ("Plaintiff") was a pretrial detainee at the time of the relevant events in his complaint. He is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 1, 2017, Plaintiff filed his complaint, which is now before this Court for screening. (ECF No. 1). Plaintiff alleges that Defendants Cooper and Moreno assaulted him while he was in the central receiving facility.

The Court finds that Plaintiff has stated a cause of action against Defendants Cooper and Moreno for excessive force under the Fourteenth Amendment.  The Court finds that Plaintiff fails to state a viable claim against the Kern County Sheriff's Department.

Plaintiff may not choose to (1) go forward with the claims against Defendants Cooper and Moreno for excessive force only; (2) file a first amended complaint; or (3) stand on Plaintiff's complaint, in which case the Court will issue Findings and Recommendations consistent with this order to the District Judge.

### I. SCREENING REQUIREMENT

When a party seeks permission to pursue a civil case *in forma papueris*, courts will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).  In particular, 28 U.S.C. § 1915(e)(2) provides that courts shall dismiss a case at any time if it determines that, *inter alia*, it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

### II. SUMMARY OF PLAINTIFF'S COMPLANT

Plaintiff alleges that on September 25, 2015, he was assaulted while being locked into Central Receiving facility in Bakersfield as a pretrial detainee.  Defendant J. Moreno struck and punched Plaintiff several times while Plaintiff was in restraints, resulting in substantial bodily harm.  Defendant C. Cooper also participated in the assault.  Defendants' force was excessive and unjustified.[1]

### III. LEGAL STANDARDS

#### A. Section 1983 Claims

The Civil Rights Act under which this action was filed provides:

---

[1] Plaintiff attaches a state court complaint for assault and battery.  It is unclear if the attachment is a pending case.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### B. Standards for Excessive Force regarding Pretrial Detainees

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Excessive force claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments

Clause of the Eighth Amendment. <u>Oregon Advocacy Center v. Mink</u>, 322 F.3d 1101, 1120 (9th Cir. 2003). However, the same Eighth Amendment standards apply in setting the minimum standard of care due pretrial detainees. <u>Id.</u> at 1120.

For Eighth Amendment claims arising out of the use of excessive physical force, courts look to see if the use of force was subjectively reasonable, i.e. "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37 (2010) (per curiam) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, <u>Hudson</u>, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, <u>Wilkins</u>, 559 U.S. at 37-8 (citing <u>Hudson</u>, 503 U.S. at 9-10) (quotation marks omitted); <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

Excessive force claims brought by pretrial detainees under the Fourteenth Amendment, by contrast, are evaluated under the "objectively unreasonable" standard. <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473 (2015). Courts apply a more rigid standard in these cases because pretrial detainees, unlike prisoners, must not be punished at all, much less sadistically and maliciously. <u>Id.</u> at 2475 (citing <u>Ingraham v. Wright</u>, 430 U.S. 651, 671-71 (1977)). Courts may look at a variety of factors to determine whether the force used was objectively unreasonable, including but not limited to: the relationship between the need for the use of force and the amount of force used, the extent of the detainee's injury, the threat reasonably perceived by the officer, and whether the detainee was actively resisting. <u>Kingsley</u>, 135 S. Ct. at 2473.

\\\
\\\
\\\

### IV.     ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint states a cause of action for excessive force in violation of the Fourteenth Amendment based on allegations that Plaintiff was assaulted without cause by Defendants Cooper and Moreno while being a pretrial detainee.

Plaintiff's complaint fails to state a claim against Defendant Kern County Sheriff's Department. "[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

In this case, Plaintiff has not linked any underlying violation of his rights to a policy or practice attributable to the Kern County Sheriff's office, nor has he provided any facts showing that the county knew of, and blatantly ignored, the constitutional violations committed by its

employees. Therefore, all claims against Defendant "Kern County Sherriff" will be dismissed with leave to amend.

## V. CONCLUSION

Plaintiff has stated a cognizable claim for excessive force pursuant to the Fourteenth Amendment against Defendants Cooper and Moreno only.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of Plaintiff's rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he is willing to proceed only on the claims allowed in this order, specifically the excessive force claim under the Fourteenth Amendment against Defendants Cooper and Moreno;
   b. File an Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state any additional claims or claims against any additional defendants; or
   c. Notify the Court that he wishes to stand on his first complaint, subject to this Court issuing Findings and Recommendations to the District Judge consistent with this order.
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00004-DAD-EPG; and
4. <u>Failure to comply with this order may result in the dismissal of this action for failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: __**March 9, 2017**__                                   /s/ Erica P. Grosjean
                                                                                  UNITED STATES MAGISTRATE JUDGE