1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>        Plaintiff,<br><br>    v.<br><br>C. COOPER et al,<br><br>        Defendants. | 1:17-cv-00004-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS FINDING COGNIZABLE CLAIM FOR EXCESSIVE FORCE AND RECOMMENDING DISMISSAL OF ALL OTHER CLAIMS<br><br>(Doc. Nos. 1, 13, 16.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

Monico J. Quiroga, III ("Plaintiff") was a pretrial detainee at the time of the relevant events in his complaint. He is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 1, 2017, Plaintiff filed his complaint, which is now before this Court for screening. (ECF No. 1). Plaintiff alleges that Defendants Cooper and Moreno assaulted him while he was in the central receiving facility. Plaintiff also attempts to bring an Eighth Amendment claim against Defendant Kern County Sherriff.

On March 9, 2017, the Court entered an order finding that Plaintiff stated a cognizable claim for excessive force against Defendants Cooper and Moreno, but failed to state a cognizable claim against Defendant Kern County Sherriff. (ECF No. 13.) That order gave Plaintiff options to: (1) notify the Court that he is willing to proceed only on the claim against Defendants Cooper and Moreno; (2) file a First Amended Complaint; or (3) notify the Court that he wishes to stand on his original complaint, subject to recommendations to the District

Judge. (*Id*.)  On March 24, 2017, Plaintiff filed a notice informing the Court that he is choosing to stand on complaint, subject to recommendations to District Judge. (ECF No. 16.)

Accordingly, the Court will now enter Findings and Recommendations to the District Judge consistent with its March 9, 2017 screening order.

## I.   SCREENING REQUIREMENT

When a party seeks permission to pursue a civil case *in forma papueris*, courts will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).  In particular, 28 U.S.C. § 1915(e)(2) provides that courts shall dismiss a case at any time if it determines that, *inter alia*, it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).

## II.   SUMMARY OF PLAINTIFF'S COMPLANT

Plaintiff alleges that on September 25, 2015, he was assaulted while being locked into Central Receiving facility in Bakersfield as a pretrial detainee.  Defendant J. Moreno struck and punched Plaintiff several times while Plaintiff was in restraints, resulting in substantial bodily harm.  Defendant C. Cooper also participated in the assault.  Defendants' force was excessive and unjustified.[1]

## III.   LEGAL STANDARDS

### A.  Section 1983 Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[1] Plaintiff attaches a state court complaint for assault and battery.  It is unclear if the attachment is a pending case.

1  42 U.S.C. § 1983.

2  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a
3  method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386,
4  393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman
5  v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697
6  F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012);
7  Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

8  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted
9  under color of state law and (2) the defendant deprived him or her of rights secured by the
10  Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.
11  2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the
12  meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts,
13  or omits to perform an act which he is legally required to do that causes the deprivation of
14  which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The
15  requisite causal connection can be established not only by some kind of direct, personal
16  participation in the deprivation, but also by setting in motion a series of acts by others which
17  the actor knows or reasonably should know would cause others to inflict the constitutional
18  injury."  Id. at 743-44.

19                    **B.  Standards for Excessive Force regarding Pretrial Detainees**

20  The Eighth Amendment protects prisoners from inhumane methods of punishment and
21  from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th
22  Cir. 2006).

23  Excessive force claims brought by pretrial detainees are analyzed under the Due Process
24  Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments
25  Clause of the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th
26  Cir. 2003). However, the same Eighth Amendment standards apply in setting the minimum
27  standard of care due pretrial detainees. Id. at 1120.

28

For Eighth Amendment claims arising out of the use of excessive physical force, courts look to see if the use of force was subjectively reasonable, i.e. "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Excessive force claims brought by pretrial detainees under the Fourteenth Amendment, by contrast, are evaluated under the "objectively unreasonable" standard. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Courts apply a more rigid standard in these cases because pretrial detainees, unlike prisoners, must not be punished at all, much less sadistically and maliciously. Id. at 2475 (citing Ingraham v. Wright, 430 U.S. 651, 671-71 (1977)). Courts may look at a variety of factors to determine whether the force used was objectively unreasonable, including but not limited to: the relationship between the need for the use of force and the amount of force used, the extent of the detainee's injury, the threat reasonably perceived by the officer, and whether the detainee was actively resisting. Kingsley, 135 S. Ct. at 2473.

## IV.        ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint states a cause of action for excessive force in violation of the Fourteenth Amendment based on allegations that Plaintiff was assaulted without cause by Defendants Cooper and Moreno while being a pretrial detainee.

Plaintiff's complaint fails to state a claim against Defendant Kern County Sheriff's Department.  "[S]ection 1983 imposes liability only on 'persons' who, under color of law,

deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." <u>Castro v. Cty. of Los Angeles</u>, 797 F.3d 654, 670 (9th Cir. 2015) (citing <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. <u>Castro</u>, 797 F.3d at 670 (citing <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 131 (1989) and <u>Monell</u>, 436 U.S. at 691) (quotation marks omitted); <u>see also</u> <u>Simmons v. Navajo Cty., Ariz.</u>, 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. <u>Gibson v. Cty. Of Washoe, Nev.</u>, 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." <u>Id.</u> This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. <u>Id.</u> at 1195.

In this case, Plaintiff has not linked any underlying violation of his rights to a policy or practice attributable to the Kern County Sheriff's office, nor has he provided any facts showing that the county knew of, and blatantly ignored, the constitutional violations committed by its employees. Therefore, all claims against Defendant "Kern County Sherriff" should be dismissed.

**V.      CONCLUSION**

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1.      This case proceed only on the excessive force claim under the Fourteenth Amendment against Defendants Cooper and Moreno;

2.      All other claims be dismissed; and

3.      Defendant "Kern County Sherriff" be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 29, 2017**                    /s/ *Erica P. Grosjean*
                                                          UNITED STATES MAGISTRATE JUDGE