UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J. LEWIS, *et al.*,<br><br>　　　　Defendants. | 1:17-cv-00004-DAD-EPG<br><br>ORDER DIRECTING CLERK TO SERVE PROPOSED SUBPOENA DUCES TECUM AS MODIFIED |

　　　　Monico J. Quiroga, III ("Plaintiff") was a pretrial detainee in Kern County, California at the time of the relevant events in his complaint. (ECF No. 13.) He is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 on a claim for excessive force pursuant to the Fourteenth Amendment against Defendants Cooper and Moreno. (*Id*.) The claim arose on September 25, 2015, when he was assaulted by the Defendants while being locked into Central Receiving facility in Bakersfield, California. (*Id*.)

　　　　On October 2, 2017, Plaintiff filed a proposed subpoena *duces tecum* for Court approval, which was lodged on the docket. (ECF No. 26.) The subpoena requests production of "video footage, and crime report" from "Kern County Sheriffs, 1350 Norris Rd., Bakersfield, CA 93308" to Plaintiff.

　　　　"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

　　　　Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

1

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

Here, the proposed subpoena, as submitted, is problematic in two respects. First, the request for production of "video footage, and crime report" is overbroad. Second, Plaintiff did not list his own address as the "Place" for production.

However, the Court will direct that proposed subpoena be issued with the following modifications:

1. In the "Production:" field, the Clerk shall modify the text "video footage, and crime report" to "Recordings, videos and any crime/incident reports or other documents concerning an alleged assault of Monico J. Quiroga, III occurring on around September 25, 2015";
2. In the "PLACE:" field, the Clerk shall modify the text to Plaintiff's address as listed on the docket sheet; and
3. In the "DATE AND TIME:" field, the Clerk shall add the text "30 days after receipt."

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's proposed subpoena is APPROVED, as modified.
2. After the Clerk issues the subpoena as modified, the Clerk shall serve the subpoena, along with a copy of this order, by mailing the subpoena by certified mail or FedEx (signature required) to the upon the entity named in the subpoena.[1]

---

[1] A subpoena *duces tecum* may be served by certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (examining the plain language of Rule 45 for support of service of subpoena by mail and finding "no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result"). Likewise, the undersigned finds support for the service of a subpoena by certified mail or FedEx in the plain language of Rule 45. The U.S. Marshals' Service (USMS) typically handles Court requests for service of subpoenas and summons. These requests are burdensome, time-consuming and place significant demands on limited USMS resources. Consistent with Federal Rule of Procedure

3. After the subpoena is sent, the Clerk shall file a Notice of tracking number on the docket sheet and serve the Notice upon Plaintiff.

IT IS SO ORDERED.

Dated: **October 11, 2017**  /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

1, the Court is charged with securing the "just, speedy, and inexpensive determination of every action." The undersigned finds that service of a subpoena *duces tecum* by certified mail or FedEx will further advance these objectives.