UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>    Plaintiff,<br><br>vs.<br><br>C. COOPER, J. MORENO, *et al.*,<br><br>    Defendants. | 1:17-cv-00004-DAD-EPG<br><br>ORDER GRANTING MOTION FOR ISSUANCE OF SUBPOENA<br><br>(ECF No. 37)<br><br>ORDER DIRECTING CLERK TO SERVE SUBPOENA DUCES TECUM BY CERTIFIED MAIL OR FEDEX<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE SERVICE ADDRESSES WITHIN 60 DAYS |

Monico J. Quiroga, III ("Plaintiff") was a pretrial detainee in Kern County, California at the time of the relevant events in his complaint. (ECF No. 13.) He is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 on a claim for excessive force pursuant to the Fourteenth Amendment against Defendants Cooper and Moreno. (*Id.*) The claim arose on September 25, 2015, when he was allegedly assaulted by the Defendants while being locked into Central Receiving facility in Bakersfield, California. (*Id.*) Defendant C. Cooper was a deputy and defendant J. Moreno was a guard at Kern County Sheriff's Office at the time of the incident alleged in the complaint.

On July 26, 2017, the Court issued an Order directing the U.S. Marshal to execute service of process upon defendants Cooper and Moreno. (Doc. No. 22.) On November 27,

1

2017, the summons for defendants Cooper and Moreno was returned unexecuted. (Doc. No. 30.) It was noted that the Kern County Sheriff's Office refused acceptance of the summons because the defendants were no longer employees. (*Id*.)

On December 26, 2017, the undersigned entered an Order requesting assistance from the Kern County Counsel in locating an appropriate service address for defendants Cooper and Moreno. (ECF No. 35.) The Order requested that Kern County Counsel respond with the service address service for defendants C. Cooper and J. Moreno within fourteen days of service of the Order.

Kern County Counsel did not respond to the Court's December 26, 2017 Order.

On February 2, 2018, Plaintiff filed a motion for request for issuance of a subpoena *duces tecum*. (ECF No. 37.) Plaintiff is requesting all documents regarding defendants C. Cooper and J. Moreno's contact information, including but not limited to their current and/or last known mailing address and any identifying information that would assist in locating them. This information is necessary to effect service of the complaint.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

2

A subpoena *duces tecum* may be served by certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (examining the plain language of Rule 45 for support of service of subpoena by mail and finding "no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result"). Likewise, the undersigned finds support for the service of a subpoena by certified mail or FedEx in the plain language of Rule 45.

The U.S. Marshals' Service (USMS) typically handles Court requests for service of subpoenas and summons. These requests are burdensome, time-consuming and place significant demands on limited USMS resources. Under Federal Rule of Procedure 1, the Court is charged with securing the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The undersigned judge finds that service of a subpoena *duces tecum* by certified mail or FedEx will further advance these objectives.

The Court GRANTS Plaintiff's motion for issuance of a subpoena. (ECF No. 37.) The Clerk of the Court is directed to fill out, issue and serve an AO 88B form as follows:

1. The Caption on the subpoena shall be set to this case;

2. "To:" shall be set to "Kern County, C/O Kern County Counsel, County Administration Building, 1115 Truxtun Avenue, 4th Floor, Bakersfield, California 93301";

3. "Production:" shall be set to: "All documents regarding defendants C. Cooper and J. Moreno's (Kern County employees or agents on around September 25, 2015) contact information, including but not limited to their current and/or last known mailing address and any identifying information that would assist in locating them";

4. "Place:" shall be set to Plaintiff's address as listed on the docket sheet;

5. "Date and Time:" shall be set to "14 days after receipt";

6. The Clerk shall serve the subpoena, along with a copy of this order, by mailing the subpoena, by certified mail or FedEx (signature required), to the upon the entity named in the subpoena; and

7. After the subpoena is sent, the Clerk shall file a Notice of tracking number on the docket sheet and serve the Notice upon Plaintiff.

The Court further ORDERS Plaintiff to file a Notice on the docket containing the service addresses for defendants C. Cooper and J. Moreno within 60 days of this Order. Upon receipt of the service addresses, the Court will direct the USMS to attempt service.

If no information or request for more time is received from Plaintiff within 60 days, the Court will recommend dismissal without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: **February 8, 2018**

/s/ Elui P. Groj
UNITED STATES MAGISTRATE JUDGE