UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III, | 1:17-cv-00004-DAD-EPG |
| Plaintiff, | ORDER DIRECTING USM TO RE-SERVE DEFENDANT C. COOPER |
| vs. | |
| C. COOPER, J. MORENO, *et al.*, | |
| Defendants. | |

Monico J. Quiroga, III ("Plaintiff") was a pretrial detainee in Kern County, California at the time of the relevant events in his complaint. (ECF No. 13.) He is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 on a claim for excessive force pursuant to the Fourteenth Amendment against Defendants Cooper and Moreno. (*Id.*) The claim arose on September 25, 2015, when he was allegedly assaulted by the Defendants while being locked into Central Receiving facility in Bakersfield, California. (*Id.*) Defendant C. Cooper was a deputy and defendant J. Moreno was a guard at Kern County Sheriff's Office at the time of the incident alleged in the complaint.

On July 26, 2017, the Court issued an Order directing the U.S. Marshal to execute service of process upon defendants Cooper and Moreno. (ECF No. 22.) On November 27, 2017, the summons for defendants Cooper and Moreno was returned unexecuted. (ECF No.

30.)  It was noted that the Kern County Sheriff's Office refused acceptance of the summons. (*Id.*)

On February 8, 2018, the Court granted Plaintiff's request for issuance of a subpoena *duces tecum*. (ECF Nos. 37-38.)  The subpoena directed to Kern County requested documents regarding defendants C. Cooper and J. Moreno's contact information, including but not limited to their current and/or last known mailing address and any identifying information that would assist in locating them. (ECF No. 38.)

On March 1, 2018, Kern County provided an *in camera* response to the subpoena.  Kern County requested the *in camera* submission in order not to divulge personal information concerning the defendants to Plaintiff.  The Court agreed that the *in camera* submission was appropriate.

Without divulging the contents of the subpoena response, the Court can relay that it has no new information that will assist Plaintiff in locating Defendant J. Moreno.

With respect to Defendant C. Cooper, the Court ORDERS that:

1. A second attempt at service is appropriate for: C. Cooper, Kern County Sheriff Deputy, at the following address:[1]

> Kern County Sheriff's Office
>
> 1350 Norris Road
>
> Bakersfield, CA 93308

2. To the extent necessary, the Clerk of the Court is directed to re-issue service documents for C. Cooper[2] and forward the following documents to the United States Marshals Service:

> (1) One completed and issued summons;
>
> (2) One completed USM−285 form;

---

[1] The Court notes that this is the same address where service was previously attempted, but the Kern County Sheriff's Office refused acceptance of the summons as to C. Cooper without any justification given. (ECF No. 30.) The Court is concerned that Kern County may have improperly refused acceptance.

[2] Because Plaintiff already submitted the appropriate documents previously in this case, the Court will not direct Plaintiff to re-submit further service documents.

2

(3) One copy of the complaint filed on January 03, 2017, plus an extra copy for the Marshals Service;

(4) One copy of this order, plus an extra copy for the Marshals Service.

3. Within ten days from the date of this order, the Marshals Service is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c): C. Cooper.

4. The Marshals Service shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the Marshals Service shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, the Marshals Service shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM−285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM−285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. If defendants waive service, they are required to return the signed waivers to the Marshals Service. The filing of an answer or a responsive motion does not relieve defendants of this requirement, and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

7.  In the event that defendants either waive service or are personally served, defendants are required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **March 22, 2018**          /s/ _Erica P. Grosjean_
UNITED STATES MAGISTRATE JUDGE