UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III,<br><br>Plaintiff,<br><br>v.<br><br>C. COOPER, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00004-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>(Doc. Nos. 29, 32, 41, 42, 48, 49) |

Plaintiff Monico J. Quiroga III is a state prisoner proceeding pro se in this civil rights action. He brings an excessive force claim under 42 U.S.C. § 1983 against Defendants C. Cooper and J. Moreno.

**I.     PLAINTIFF'S MOTIONS**

Plaintiff has filed motions addressing a variety of subjects, each of which we consider below.

### a. Motion to re-issue subpoena

On October 11, 2017, the court issued an order granting plaintiff's motion for issuance of a document subpoena to KCSO. (Doc. No. 27.) The subpoena directed KCSO to produce "[r]ecordings, videos and any crime/incident reports or other documents concerning an alleged assault of Monico J. Quiroga, III occurring on around September 25, 2015." (*Id.* at 2.) KCSO responded to the subpoena by indicating that they did not possess any responsive documents. (Doc. No. 29 at 2.)

1       Plaintiff has filed a motion requesting re-issuance of the subpoena to KCSO.
2 (Doc. No. 29.) His proposed subpoena requests: "SR report, video of incident, Crime Report In
3 Re: of Assault on Monico J. Quiroga 11.22.1977 D.O.B." (*Id*. at 3.) Plaintiff's motion is denied
4 because the requested subpoena would be duplicative of the already-issued subpoena.

5       The court notes that the previous document subpoena was issued before any defendants
6 appeared in the case. Now that defendant C. Cooper has appeared, plaintiff can propound
7 discovery requests seeking information from him under Rules 33 (interrogatories), 34 (requests
8 for production), and 36 (requests for admission) of the Federal Rules of Civil Procedure.

### b. Motions for attorney general to accept service

10       Two of plaintiff's pending motions ask that the court order the Deputy Attorney General
11 to accept service of the summons and the complaint for the defendants in this case.
12 (Doc. Nos. 32, 42.) Plaintiff argues that there is good cause for such an order because
13 defendants and KCSO have refused service in this case. The court notes that Defendant C.
14 Cooper has been served with process and has appeared in this case. Defendant J. Moreno
15 remains unserved, but plaintiff has not provided any information indicating that the KCSO is
16 intentionally evading service for J. Moreno. Even if the court were aware of such information,
17 plaintiff has not provided legal support for his argument that a Deputy Attorney General should
18 be appointed to this case to accept service, and the court is unaware of any authority that would
19 permit it to grant such a request. Plaintiff's motions (Doc. Nos. 32, 42) are denied.

### c. Motion to compel discovery

21       Next, plaintiff asks that the court compel the production of personal information about
22 the defendants to assist the U.S. Marshal in executing service of process. (Doc. No. 41.) The
23 court entered an order granting plaintiff's motion for issuance of a subpoena for documents on
24 February 8, 2018. (Doc. No. 38.) The subpoena directed KCSO to produce documents that
25 would assist plaintiff in locating the defendants. (*Id*. at 3.) On March 1, 2018, Kern County
26 provided an in-camera response to the subpoena. (Doc. No. 40 at 2.) The court re-ordered
27 service as to defendant C. Cooper based on the information received in the subpoena response
28 and indicated that it had not received new information that would assist in locating defendant

J. Moreno. (*Id*.) Plaintiff then filed his motion to compel. (Doc. No. 41.)

Counsel for C. Cooper has informed the court that KCSO has no employee named J. Moreno who is currently employed or was employed at or near the time of the alleged incident. (Doc. No. 50 at 2.) The court cannot order a party or third party to produce information that it does not possess. The court denies plaintiff's motion to compel.

### d. Motion to prove exhaustion of administrative remedies

Plaintiff has filed a "motion to prove exhaustion of administrative remedies." (Doc. No. 48.) The motion cites to statutes and cases concerning the Prison Litigation Reform Act's exhaustion requirement in 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is an affirmative defense that defendants must plead and prove. *See Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Defendant C. Cooper has filed an answer in this case that cites 47 affirmative defenses, but failure to exhaust administrative remedies is not among them. (Doc. No. 44.) Therefore, exhaustion of administrative remedies is not at issue, and plaintiff's motion is denied as moot.

### e. Request for entry of default

Finally, plaintiff asks the court to enter default against all defendants under Rule 55 of the Federal Rules of Civil Procedure. (Doc. No. 49.) Entry of default is appropriate when a defendant "has failed to plead or otherwise defend" the case. Fed. R. Civ. P. 55(a). In this case, defendant C. Cooper has appeared and filed an answer, and service of process has not been executed as to defendant J. Moreno. Plaintiff's motion for entry of default is denied because there is no indication that either defendant has failed to plead or otherwise defend.

## II. CONCLUSION AND ORDER

Accordingly,

1. plaintiff's motion to re-issue subpoena (Doc. No. 29) is denied;
2. plaintiff's motions for attorney general to accept service of the complaint (Doc. Nos. 32, 42) are denied;
3. plaintiff's motion to compel discovery (Doc. No. 41) is denied;
4. plaintiff's motion to prove exhaustion of administrative remedies (Doc. No. 48) is

1 | denied; and

2 | 5. plaintiff's request for entry of default (Doc. No. 49) is denied.

IT IS SO ORDERED.

Dated: June 20, 2018         /s/ *Jeremy D. Peterson*
                             UNITED STATES MAGISTRATE JUDGE

4