UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. COOPER, *et al*.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00004-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. No. 57.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff Monico J. Quiroga III is a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. He brings an Eighth Amendment excessive force claim against defendants C. Cooper and J. Moreno. Plaintiff has filed a motion requesting to "add jurisdiction [pursuant] to 28 U.S.C. § 2361" and a preliminary injunction. (Doc. No. 57.) For the reasons described below, the court recommends denying plaintiff's motion.

## I. RELIEF REQUESTED

Plaintiff requests an injunction to enjoin "[nonstop] harassment over satellite." (*Id*.) He has submitted a declaration stating that the Kern County Sherriff's Office Gang and Narcotics Task Force is using military tactics, such as sensory deprivation, to invade his "sphere of the intellect." (*Id*.)

## II. LEGAL STANDARDS

A federal district court may issue injunctive relief only if the court has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild*

*Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

### III. ANALYSIS

As a preliminary matter, plaintiff cites to 28 U.S.C. § 2361 as authority for his request. The statute is applicable to interpleader actions and was, thus, cited in error. *See* 28 U.S.C. § 2361 (applicable "[i]n any civil action of interpleader"). The court construes plaintiff's injunction request as a request for a preliminary injunction under Federal Rule of Civil Procedure 65.

The court will recommend that plaintiff's motion for injunctive relief be denied. The complaint alleges that defendants Cooper and Moreno used excessive force against plaintiff while he was detained in Kern County. (Doc. No. 1.) The injunction request is directed at the Kern County Sherriff's Office, which is not a defendant in this case. (Doc. No. 19.) The only defendant who has appeared in this case is defendant Cooper, and the motion does not identify any conduct by Cooper that plaintiff is seeking to enjoin. Thus, plaintiff appears to be basing his injunction request on a claim of unconstitutional conditions of confinement that was not pled in the complaint. Accordingly, the court does not have authority to issue the requested injunction. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

### IV. RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (Doc. No. 57) be DENIED.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written

3

objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: August 2, 2018

_____
UNITED STATES MAGISTRATE JUDGE