UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, III,<br><br>Plaintiff,<br><br>v.<br><br>C. COOPER,<br><br>Defendant. | Case No. 1:17-cv-00004-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 63 |

Plaintiff Monico J. Quiroga, III, is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff has stated an Eighth Amendment excessive force claim against defendant C. Cooper. ECF Nos. 1, 19, 68.[1] Plaintiff alleges that he was assaulted by defendant on September 25, 2015, while being booked into Central Receiving in Kern County Jail in Bakersfield, California.

Defendant's motion for summary judgment, ECF No. 63, is now before the court. Defendant contends that plaintiff failed to exhaust administrative remedies prior to filing this action as required by 42 U.S.C. §1997e. We will recommend that the court grant the motion for summary judgment and dismiss this case without prejudice.

---

[1] Plaintiff also stated a cognizable claim against J. Moreno, but defendant Moreno was dismissed without prejudice for failure to effectuate service. *See* ECF No. 68.

1

# I. LEGAL STANDARDS

## A. Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Summary judgment, or summary adjudication, should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates that summary adjudication is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there to be no genuine issue of material fact and showed judgment to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and

generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendants, however. *Id.*

**B. Exhaustion Requirement**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . . Next, an

>           administrative scheme might be so opaque that it becomes,
>           practically speaking, incapable of use. . . . And finally, the same is
>           true when prison administrators thwart inmates from taking
>           advantage of a grievance process through machination,
>           misrepresentation, or intimidation. . . . [S]uch interference with an
>           inmate's pursuit of relief renders the administrative process
>           unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## II. DISCUSSION

Plaintiff was a pretrial detainee in the custody of the Kern County Sheriff's Office from September 25, 2015 to June 3, 2016. DSUF4.[2] Kern County has an administrative remedy process for detainee grievances. *See* DSUF3, 9-10. Plaintiff had knowledge of the grievance-resolution process because he had attempted to invoke the process at least 25 times while he was detained at Kern County Jail. *See* DSUF4-5.

The alleged assault in this case occurred on September 25, 2015. DSUF1; ECF No. 1 at 4. Plaintiff had knowledge of the Kern County grievance-resolution process on this date because he had been detained at Kern County Jail prior to September 25, 2015 and had utilized the grievance process during that time. *See* DSUF5-6. Between March 22, 2015, and September 13, 2015, plaintiff filed at least four grievances at Kern County Jail to which responses were issued. DSUF6.

It is undisputed that plaintiff did not file a grievance concerning the September 25 incident giving rise to this case. DSUF7; ECF No. 65. Likewise, plaintiff does not dispute that

---

[2] "DSUF" means defendant's statement of undisputed facts. ECF No. 63-1. Plaintiff did not object to any of the facts listed in defendant's statement. *See* ECF No. 65. The facts listed in defendant's statement are not disputed by plaintiff.

he had knowledge of the Kern County grievance process. *See* ECF No. 67. Accordingly, we conclude that defendant has met his initial burden on summary judgment to show that plaintiff failed to exhaust his available administrative remedy concerning the September 25 incident. *See Albino*, 747 F.3d at 1172. The burden now shifts to plaintiff to show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Plaintiff opposes defendant's motion. First, he argues that he exhausted his administrative remedies because he interviewed with Sergeant J. Newell, Internal Affairs, in the Kern County Sheriff's Office concerning the incident. *See* ECF No. 67 at 1. He then cites a case from a different district in which a plaintiff was not required to appeal a grievance decision after he received all of the relief he requested in the initial grievance. *See id*. at 1-2 (citing *Mocnik v. Williams*, 2006 WL 3538989, at *5 (W.D. Wis. Dec. 6, 2006)).

Case law from this circuit establishes that a prisoner is not required to continue to appeal a grievance once relief is no longer "available." *See, e.g.*, *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (holding that "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available").[3] Here, however, plaintiff has failed to demonstrate that he received all available remedies or that he was reliably informed by an administrator that no remedies were available. Plaintiff does not offer any evidence other than his own sworn declaration and does not provide any details concerning the interview, including what happened after the interview. *See* ECF No. 67 at 1. He states only that he was interviewed by Newell. *See id.* This evidence is insufficient to raise a genuine dispute as to any material fact.

Plaintiff next argues that he has not had ample opportunity to conduct discovery. ECF No. 67 at 2. Plaintiff also suggests in several other filings that he requires the assistance of

---

[3] These cases typically involve a scenario in which a prisoner filed a grievance and received the requested relief at one of the lower levels of the grievance-resolution process. In this case, however, it is undisputed that plaintiff did not file a grievance.

counsel to litigate this case. *See* ECF Nos. 43, 71. We do not find these arguments persuasive.

Plaintiff has not demonstrated that he is unable to present facts essential to justify his opposition to defendant's motion. *See* Fed. R. Civ. P. 56(d). The work required to respond to defendant's exhaustion motion was relatively straightforward. Plaintiff merely needed to describe, in a sworn declaration, what he did to exhaust his administrative remedies prior to filing this lawsuit. No additional discovery was required to accomplish this task. Furthermore, plaintiff's filings in this case indicate that he is capable of filing a sworn declaration. He has filed several sworn declarations in this case, including one that supported his opposition to defendant's motion for summary judgment. *See* ECF No. 67.

We cannot conclude that appointment of counsel was necessary for plaintiff to file an effective opposition to defendant's motion. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff states that he has Attention-Deficit/Hyperactivity Disorder, which limits his ability to effectively litigate this case without the assistance of counsel. *See* ECF Nos. 43, 71. However, as noted above, the work required at this stage of the proceedings—filing a sworn declaration describing the steps plaintiff took to exhaust administrative remedies—was not especially complicated, and he had in fact previously filed sworn declarations in this case. Plaintiff was able to articulate his legal positions in opposition to the motion for summary

judgment. Our review of the docket indicates that plaintiff can effectively articulate legal arguments and describe events. For instance, plaintiff stated a cognizable Eighth Amendment claim in the original complaint. Overall, this case is not exceptionally complicated. Based on a review of the entire record, it is not apparent that plaintiff is unable to articulate his legal positions adequately. Further, at this stage in the proceedings, the court cannot determine whether plaintiff is likely to succeed on the merits. Accordingly, we conclude that exceptional circumstances requiring the appointment of counsel are not present at this time.

Viewing all the facts in the light most favorable to plaintiff and drawing all justifiable inferences in his favor, we cannot conclude that there is a genuine dispute as to any material fact concerning plaintiff's failure to exhaust administrative remedies prior to filing this case. We will therefore recommend that summary judgment be granted for defendant.

### III. FINDINGS AND RECOMMENDATIONS

Accordingly, the court recommends that:

1. defendant's motion for summary judgment, ECF No. 63, be granted;
2. all other pending motions be denied as moot; and
3. this case be dismissed without prejudice.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 23, 2019             /s/ Jeremy Peterson
                                                  UNITED STATES MAGISTRATE JUDGE